IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NIGHTHAWK OILFIELD SERVICES, | § | BANKRUPTCY NO. 09-34992-H4-07 |
| LTD., | § | |
| | § | |
| DEBTOR. | § | |
| | § | |
| THE GUARDIAN LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | ADVERSARY NO. 10-03333 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0079 |
| | § | |
| BANK OF AMERICA, N.A., et al., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, The Guardian Life Insurance Company of America, brings this adversary action against defendants, Bank of America, N.A. (BOA), Mark H. Fisher, and Tony Earle, seeking declaratory judgment that BOA holds certain funds in constructive trust for the employees of Richey Oilfield Construction, LLC (Richey), and an order requiring BOA to turn over the funds to Guardian. Pending before the court is the Motion of Bank of America, N.A. to Dismiss (Docket Entry No. 9 in Adversary No. 10-03333).[1] For the reasons explained below, BOA's motion to dismiss will be denied.

---

[1] Unless otherwise noted all references to docket entry numbers are to Adversary No. 10-03333.

## I. Factual and Procedural Background

On July 10, 2009, Richey filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the Bankruptcy Code). Richey's bankruptcy case is jointly administered under In re Nighthawk Oilfield Services, Ltd., Case No. 09-34992.

On July 7, 2010, The Guardian Life Insurance Company of America (Guardian) filed a complaint against BOA, Fisher, and Earle (collectively, the Non-Debtors) thereby initiating the above-captioned adversary proceeding (Adversary Proceeding).[2]

In the Complaint Guardian alleges that it provided insurance coverage to Richey's employees (Employees) prior to the date on which Richey filed its voluntary petition in bankruptcy (Petition Date) pursuant to an employee welfare plan (Richey Plan) governed by the Employee Retirement Income Security Act of 1974, as amended (ERISA).[3] Guardian alleges that Richey withheld or deducted approximately $72,000 from the Employees' pre-petition wages for the payment of the monthly premium for the Richey Plan (Contributions), and that Richey failed to pay the monthly premium of approximately $186,000.[4] Based on the non-payment of the

---

[2]Complaint of the Guardian Life Insurance Company of America for (a) Declaratory Relief that the Automatic Stay Does Not Apply to Turnover or Payment of Employee Benefit Plan Contributions; and (b) for the Turnover or Payment of Employee Benefit Plan Contributions, Docket Entry No. 1.

[3]Id. ¶¶ 9 and 11.

[4]Id. ¶¶ 15-16.

premium, Guardian alleges that the Richey Plan terminated prior to the Petition Date.[5] Guardian alleges that the Contributions may have been deposited in Richey's account and that BOA may have swept Richey's account prior to the Petition Date.[6] Based on these allegations, Guardian seeks (1) a declaratory judgment that the Contributions are held in constructive trust for the Employees, and (2) an order requiring BOA to turn over funds to Guardian. By Order entered on January 21, 2011, the court granted the motion of BOA to withdraw the reference to the bankruptcy court (Docket Entry No. 4 in C.A. No. H-11-0079).

## II. Standard of Review

BOA seeks dismissal of the claims asserted against it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. See Land v. Dollar, 67 S.Ct. 1009, 1011 & n.4 (1947). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus

---

[5] Id. ¶ 19.

[6] Id. ¶¶ 27-28.

the court's resolution of disputed facts." Robinson v. TCI/US West Communications Inc., 117 F.3d 900, 904 (5th Cir. 1997). See also Spotts v. United States, 613 F.3d 559, 565-66 (5th Cir. 2010). In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case. A motion to dismiss under Rule "12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Home Builders Association of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

### III. Analysis

Asserting that "[t]he Complaint affirmatively shows that Guardian is a mere benefits provider and is not a participant, beneficiary, or fiduciary of the Richey Plan,"[7] BOA argues that Guardian's claims for constructive trust and turnover should be dismissed because these are claims for equitable remedies that may only be sought by an ERISA plan participant, beneficiary, or fiduciary. BOA argues that Guardian's lack of standing is evidenced by the allegations in the Complaint that (1) the Richey Plan is governed by ERISA, (2) the Contributions are assets of the Richey Plan, and (3) Guardian seeks a declaratory judgment that the

---

[7]Motion of Bank of America, N.A. to Dismiss, Docket Entry No. 9, p. 6 ¶ 14.

Contributions are held in constructive trust for the Employees.[8] Citing Warth v. Seldin, 95 S.Ct. 2197, 2215 (1975), BOA asserts that "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Citing FW/PBS, Inc. v. City of Dallas, 110 S.Ct. 596, 608 (1990), BOA asserts that "[i]t is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'"[9]

Guardian responds that

> there is no dispute that [it] is an ERISA fiduciary in connection with the group insurance plan sponsored by the debtor because Guardian has express authority to determine eligibility for plan benefits and to grant or deny benefit claims. Guardian Group Plan No. 437130 issued to debtor (the "Guardian Plan") expressly states as follows:
>
>> Guardian is the Claims Fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the plan with respect to claims.
>
> (Guardian Plan, pp. 209, 212.)[10]

---

[8] Id. ¶ 12.

[9] Id. at 4 ¶ 8.

[10] The Guardian Life Insurance Company of America's Response in Opposition to Bank of America's Motion to Dismiss (Guardian's Response in Opposition), Docket Entry No. 13, p. 5 (citing excerpts from the Guardian Plan attached thereto as Exhibit A).

Guardian explains that

> [t]o the extent the employee contributions toward the cost of the insurance provided by Guardian were seized or swept by BOA in connection with the pursuit of its remedies against the debtor, they must be turned over to Guardian because they were not [the] property of the debtor, its bankruptcy estate, or BOA as a matter of law.[11]

Citing Federal Rules of Evidence 802, 901, and 902, BOA objects to the authenticity and admissibility of the excerpts from the Richey Plan attached to Guardian's Response in Opposition (Docket Entry No. 13).[12]

Under 29 U.S.C. § 1132(a)(3), a participant, beneficiary, or fiduciary of a plan governed by ERISA may bring an action to enforce plan provisions or to seek equitable relief with respect to a plan. ERISA's definition of "fiduciary" includes any person who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets" or who "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). When an insurance company administers claims for an ERISA-governed plan and has authority to grant or deny the claims, the company is an ERISA fiduciary. See Reich v. Lancaster, 55 F.3d 1034, 1047 (5th Cir. 1995).

---

[11] Id. at 6-7.

[12] Bank of America, N.A.'s Objection and Reply to the Guardian Life Insurance Company of America's Response in Opposition to Bank of America, N.A.'s Motion to Dismiss, Docket Entry No. 15, p. 1.

Although Guardian's Complaint does not allege that Guardian exercises discretion over the administration of the Richey Plan, excerpts from the Richey Plan that Guardian attached to its Response in Opposition state: "Guardian is the Claims Fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the plan with respect to claims."[13] Although BOA has challenged the authenticity and admissibility of the plan excerpts attached to Guardian's Response in Opposition, BOA has not offered any argument, authority, or evidence from which the court could conclude that the copies attached to Guardian's Response in Opposition are not authentic, or that they are inadmissible or unreliable. Absent any evidence to the contrary, the court concludes that Guardian is a fiduciary of the Richey Plan, and that as a fiduciary of the Richey Plan Guardian has standing to pursue the claims for declaratory judgment and turnover alleged against BOA in the Complaint. Based on the plan excerpts attached to Guardian's Response in Opposition, Guardian's standing affirmatively appears in the record.[14] Accordingly, BOA's motion to dismiss will be denied.

BOA's contention that the unpublished opinion in <u>John Doe I v. Guardian Life Insurance Company of America</u>, No. 89-C-7955, 1990 WL 159608 (N.D. Ill. October 16, 1990), warrants a different conclusion is not persuasive because the relevant party in that

---

[13] Exhibit A to Docket Entry No. 13, pp. 209 and 212.

[14] <u>Id.</u> at 4 ¶ 8.

-7-

case did not merely fail to allege in its complaint that it was an ERISA plan participant, beneficiary, or fiduciary, it never presented evidence showing it to be an ERISA plan participant, beneficiary, or fiduciary. The additional arguments that BOA makes in its reply in opposition are similarly unpersuasive because these additional arguments speak to the merits of Guardian's claims and do not address the issue raised in BOA's motion to dismiss, i.e., whether subject matter jurisdiction exists because Guardian is an ERISA plan participant, beneficiary, or fiduciary with standing to pursue the claims for declaratory judgment and turnover alleged in the Complaint.

## IV. Conclusions and Order

For the reasons stated above, the Motion of Bank of America, N.A. to Dismiss (Docket Entry No. 9 in Adversary No. 10-03333) is **DENIED**. BOA's Motion For Submission of or Hearing on Motion to Dismiss (Docket Entry No. 8 in C.A. No. H-11-0079) is **DENIED AS MOOT**.

The court will conduct an initial pretrial and scheduling conference on July 29, 2011, at 2:00 p.m., in Court Room 9-B, 9th Floor, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

**SIGNED** at Houston, Texas, on this the 18th day of July, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE